CITY OF NEW ORLEANS, for the Use of NICHOLSON & CO., v. SAMUEL STEWART.

Proceedings were taken to pave a street in New Orleans; a majority of the property owners, by a petition to the Common Council, duly signed in due time, opposed the improvement of the street; subsequently, the majority opposing the improvement of the street withdrew their opposition, and the Common Council proceeded to pass the requisite resolution authorizing the sale and adjudication of the contract to pave :

*Held* :—That the proceedings were regular, and property owners on the street liable to pay for the paving, as provided by law.

APPEAL from the Fifth District Court of New Orleans, *Eggleston*, J. *C. Roselius* and *T. J. Durant*, for appellant. *G. P. McPheeters*, and *Bonford, Singleton & Clack*, for appellee.

HOWELL, J. The defendant has appealed from a judgment condemning him to pay the cost of paving the street in front of his property, pursuant to a contract with the city authorities.

The defence is that a majority of the property owners on said street, by petition, presented in due time to the Common Council, opposed said improvement, the effect of which was to reject the application of the same, and no further proceedings in relation thereto could be had by the Council, unless a new application was filed and published, according to law; that, by improper influences, the President of the New Orleans, Jackson and Great Northern Railroad Company, induced many of the opponents to withdraw their said opposition and join in the pending application; whereupon the Council, in violation of the *fixed* rights of the opponent, passed the resolution authorizing the sale and adjudication of the contract for the paving of said street, and that prior to said adjudication, respondent and his co-opponents petitioned the Council to repeal said resolution on account of the illegal acts and doings of the parties concerned, and asserted their non-liability for the expenses of the proposed work.

On the trial, the defendant offered to prove, by some twenty-two witnesses, that they signed the petition of opposition, and, after it was presented to the Council, were induced, by the promise of the said railroad company to pay their portion of the cost, to withdraw their opposition; which testimony was rejected by the Court, on the ground that no evidence could be heard as to facts behind the resolution and contract, or to show that the resolution had not been properly passed, or the contract not properly entered into. He also offered in evidence the petition for the paving, and the counter-petition, purporting to be the petition of a majority of the property owners on said street, against said work, which were rejected, on the ground that the defendant was precluded from going behind said resolution, adjudication and contract, to prove that a majority of the property owners have refused their assent, and that the Common Council were alone competent to determine such question.

It is unnecessary to pass upon this point, as the evidence, if admitted, would not, in our opinion, defeat plaintiff's right to recover. Under the pleadings, it would establish the fact, that an opposition was filed within the delay by a majority, and, subsequently, that majority was changed to the support of the application; and we are of opinion that these owners of property had the right to make the change, whatever the motives *operated upon by third parties,* and that the Council could thereupon proceed to order the work to be done in accordance with the provisions of law upon the subject.

At the time the Council acted, it would appear from the pleadings and facts proposed to be proved, that the majority, instead of being opposed, were actually in favor of having the improvement, as petitioned for, and it would have been useless to require a new application and publication. A majority already appeared of record to demand the work.

The object of the prescribed forms is to ascertain the will of the majority, impliedly or expressly, and it is immaterial for the Council or Court

to inquire into the motives which may actuate that majority.

The law fixes the delay within which objection may be made, but it does not preclude all action, if the objection is, in effect withdrawn; such withdrawal leaves the Council to act as though the majority had not opposed. If the majority does not actively oppose, the Council can act. If they do oppose, the Council cannot proceed while such opposition exists ; but there is nothing in the law which prevents the reasonable withdrawal of the opposition. The presumption is that the Council acted rightly, and we cannot perceive that the evidence which was rejected would destroy or impair that presumption in this case.

Judgment affirmed, with costs.