STATE, EX REL. JAMES J. PARKS COMPANY, APPELLEE, v. JAMES C. DAHLMAN ET AL., APPELLANTS.

FILED NOVEMBER 17, 1916. No. 19685.

1. **Municipal Corporations:** CONSOLIDATION: ASSUMPTION OF OBLIGATIONS. Where four proposed paving improvement districts had been created in South Omaha, and the property owners had indicated the kind of material they desired used, and the contracts had been let and bonds given for the performance of the same, and each of the foregoing steps had been taken under the direction of the city attorney and the city engineer of the city of South Omaha, and before the consolidation of the said city of South Omaha with the metropolitan city of Omaha, as contemplated by the statute, the contracts so entered into are valid, and they must be performed by the consolidated city of Omaha, although the statutory time allowed property owners in which to select material had not expired in any of the districts before the consolidation took place.

2. ———: STREET IMPROVEMENTS: CONTRACTS. The charter of the city of South Omaha provided that property owners might designate the material to be used in street paving by filing a petition within 20 days from the advertisement of bids. If such petition was filed within the 20 days, the council could at once contract for the improvement without waiting for the expiration of the 20 days' time.

3. Mandamus: MUNICIPAL CONTRACTS: ENFORCEMENT. The act providing for the consolidation requires the consolidated city to perform all valid, unperformed, subsisting contracts made by the city of South Omaha, and a writ of mandamus to compel such performance was properly issued by the district court.

APPEAL from the district court for Douglas county: CHARLES LESLIE, JUDGE. *Affirmed.*

*John A. Rine, W. C. Lambert* and *L. J. TePoel,* for appellants.

*Murphy & Winters, contra.*

HAMER, J.

This is a proceeding in mandamus to compel the city of Omaha to carry out certain paving contracts entered into by the city of South Omaha before the consolidation of the two cities. Four paving districts are involved, Nos. 128, 130, 133, and 134.

It appears that after the districts were created the city clerk of South Omaha, pursuant to the charter, gave to the property owners in the several districts notice by publication that the 20 days allowed the property owners in which to designate material, or to change any designation previously made, would not expire in any of the districts until after June 21, 1915, the date of the consolidation of the two cities; that in each of said districts petitions designating the materials were filed, after notice was given, prior to the consolidation and within the 20 days allowed for the selection of material or to change the designation thereof; that, before the consolidation, the city council of South Omaha adopted resolutions awarding to the James J. Parks Company a contract for the performance of the work, and the contract, together with the bond, was

100 Neb.—27

duly approved. The respondents, the mayor and council of the city of Omaha, refused to recognize these contracts or to provide funds for carrying on the work, and this proceeding was brought to compel them to draft and pass the necessary ordinances providing for the issuance and sale of the district improvement bonds of the city of Omaha for the purpose of paying for the improvements in these districts, the same to be issued under the laws and charter of the city of South Omaha at the time of its consolidation with the city of Omaha. An alternative writ of mandamus was issued. The return to this writ sets forth that at the date of the consolidation, June 21, 1915, the relator did not have a completed, valid and subsisting contract with the said city of South Omaha for the work in any of said districts; that the proceedings had not progressed beyond the point where a valid contract could have been entered into, for that 20 days from the last date for publication for bids had not expired in any of said districts during which the property owners therein might have designated different material from that selected; that no contract in fact was made or attempted to be made prior to the expiration of the said 20 days; that the instruments signed as contracts were not dated and were not intended by those signing the same to be valid or subsisting contracts until after the expiration of the 20 days in which to designate said material; and that up to the time of the consolidation there had not been signed in said districts, or any of them, valid subsisting petitions designating material; and that, as to some of the pretended petitions designating material, names had been withdrawn in sufficient numbers to defeat the request of the petition; that the respondents are without power to issue and dispose of bonds of the city as a means of obtaining funds with which to pay for said work; that under the charter of the city of Omaha warrants or bonds may not issue for the payment for improvements such as paving prior to the time when such improvements have actually been made, and sufficient assessments have actually been levied, and a

fund created to meet such obligations; that, in the absence of a completed and valid contract, the respondents had no authority to issue bonds or to create a fund under the laws and charter of South Omaha as the same existed at the time of the consolidation; that the respondents were without authority to levy or assess charges against the property of the said districts for such improvements under either the laws and charter of the city of South Omaha, or the city of Omaha; that the said proceedings in the said districts terminated and became of no effect upon the consolidation of South Omaha with the city of Omaha; and that, as the proceedings had not progressed to a point where a complete and consummated contract or contracts had been made, the city of Omaha was not required to carry out and perform the said contracts.

Upon the trial a writ of mandamus was awarded as prayed. A motion for a rehearing was denied, and the respondents have appealed.

Section 3, ch. 212, Laws 1915, provides, among other things: "And the metropolitan· city shall succeed to all the property and property rights of every kind, contracts, obligations and choses in action of every kind held by or belonging to the city or village consolidated with it, and the metropolitan city shall be liable for and recognize, assume and carry out all valid contracts, obligations, franchises and licenses of any such city or village so consolidated with it."

The foregoing language indicates very clearly that the consolidated city receives the property, property rights, and every kind of contract or obligation or chose in action held by the city or village consolidated with the metropolitan city. It also clearly shows that the metropolitan city, in addition to receiving the property of the village or city incorporated with it, assumes to carry out all valid contracts, obligations, franchises and licenses of the city or village consolidated with it. If the city of South Omaha had incurred an obligation by reason of what it did, then it is incumbent upon the city of Omaha to carry

out the contract or obligation, whatever it may have been. It is contended here that there was no contract because of the fact that there were 20 days from the last date of the advertisement of bidders within which the abutting property owners could designate the material that they desired to have used; that the 20 days had not expired when the cities were consolidated, and therefore that there was no pending contract. It was the view of the district court that the right to withdraw from the petitions existed only up to the time that the council acted upon the petitions, and that, when they acted upon such petitions, then the contracts became valid contracts, and that in the first place the city of South Omaha would be obligated to carry out the contracts, even though the full 20 days had not expired. It is said on page 20 of appellant's brief that, if the proceedings had by the city of South Omaha resulted in valid contracts, then "it may be that relator is entitled to the relief he claims." We are inclined to adopt the views of the district court.

Section 4719, Rev. St. 1913, provides: "The property owners of record within any district shall have twenty days from the last date of publication of the bids for any improvement, to designate by petition, to be filed with the city clerk, the specific material selected from those designated in the bids received, which they desire used in improving of the street or other public thoroughfare within said district, and, in case the record owners of the majority of the taxable foot frontage of property abutting upon said street or other public thoroughfare to be improved, file their petition within such twenty days, designating the specific material which they desire used in making such improvement, then in that event, the mayor and city council shall order said improvements made with the specific material so designated; but, in case there is no petition filed by the owners of a majority of the foot frontage of taxable property as aforesaid, within said twenty days, then the mayor and council shall by resolution, designate

the specific material they desire to be used, and award the contract to the lowest responsible bidder on said material."

The language of the section indicates that it was in the mind of the legislators when they passed the act that the abutting lot owners might not make any request with respect to the kind of material to be used, and then it would be for the council to determine what kind of material it would use. We have not been told that any objection has been made concerning the material to be used. It also appears that the council acted upon the petition. If no objection was made by the abutting lot owners at that time or since, then in any event the order of the council of South Omaha must stand.

Many authorities are cited in the brief of counsel for the appellees showing that the abutting lot owners have no right to withdraw after the action of the council. In this case the council did all that could be done prior to the expiration of the 20 days. If the city of South Omaha could make a contract, then it has been made, and it is the duty of the city of Omaha to carry it out. Apparently, this is a case where the abutting property owners desire that for which they petitioned. We are of the opinion that the contracts made were binding upon the city of South Omaha at the time of the consolidation, and, if so, they must be assumed by Omaha.

Section 6 of the act providing for the consolidation of South Omaha with the city of Omaha, being a part of chapter 212, Laws 1915, provides, in substance, that all taxes or special assessments which any city or village consolidated may have been authorized to levy or assess, but which are not "levied or assessed at the time of such consolidation, for any kind of public improvements" in process of construction or contracted for, may be levied or assessed by such metropolitan city as consolidated. The following cases seem to adopt the principle involved: *City of New Orleans v. Stewart*, 18 La. Ann. 710; *Irwin v. Mayor*, 57 Ala. 6; *Pavey v. Braddock*, 170 Ind. 178.

It may be true that, when Omaha acts for itself, it would have no power to issue bonds for the payment of indebtedness; but in this case it would seem that the city of Omaha undertook to carry out the contracts which had been made by the city of South Omaha. If so, it is for the city of Omaha to take such steps as may be necessary to pay the indebtedness incurred in the same manner that such indebtedness would have been paid by the city of South Omaha, provided it had not been incorporated into the city of Omaha. We see nothing in the way of issuing bonds after the manner the city of South Omaha might have issued them, and in levying assessments upon the particular property benefited, as South Omaha might have done if the consolidation had not been made.

The judgment of the district court is

AFFIRMED.