STATE, EX REL. CITY OF CHADRON, ET AL., APPELLEES, V. INTERMOUNTAIN RAILWAY, LIGHT & POWER COMPANY ET AL., APPELLANTS.

FILED JULY 13, 1923. No. 23266.

1. **Mandamus:** PUBLIC DUTY. A writ of mandamus, with an ancillary injunction to prevent actual, impending or threatened injury, is a proper remedy to compel the performance of a plain public duty, when there is no adequate remedy at law.

2. ——: ——: PUBLIC SERVICE CORPORATION. A court may compel by mandamus the performance of a public duty assumed by a public service corporation in furnishing electrical current to a municipality and its beneficiaries, when from the franchise contract it appears that such duty is plain and unequivocal.

3. **Electricity:** EXCESS RATES: PAYMENT: ESTOPPEL. The payment of a surcharge of 33 1-3 per cent. in addition to the maximum contract rate by the city of Chadron and its inhabitants under threat of shutting off the electrical current, unless the increased rate is paid, will not be construed as a consent to such increased rate or a change of the contract between said city and the public service corporation.

APPEAL from the district court for Dawes county: WILLIAM H. WESTOVER, JUDGE. *Affirmed.*

*J. E. Porter,* for appellants.

State, ex rel. City of Chadron, et al., v. Intermountain R. L. & P. Co.

*J. B. Townsend, Allen G. Fisher* and *Samuel L. O'Brien, contra.*

Heard before MORRISSEY, C. J., LETTON and ALDRICH, JJ., BLACKLEDGE and COLBY, District Judges.

COLBY, District Judge.

This action is an appeal by the respondents, Inter-mountain Railway, Light & Power Company, a corporation, and Edward N. Libby, from a judgment awarding to the relators, city of Chadron and others, a per-emptory writ of mandamus and from the writ issued. In pursuance of the judgment the writ commanded respondents as follows:

"To equip the 59 ornamental light posts or standards comprising the white-way with top light and side lights and globes thereon, and furnish the same with the full amount of electricity called for in the said franchise contract, and to paint the same in substantial compliance with the franchise contract, and to monthly render bills for such fluid supplied at the rate prescribed in the said franchise ordinance without surcharge, and to furnish to Milton B. McDowell and John H. Regan for the operating of their X-ray machine, and all other purchasers of power, residents of the city of Chadron, electricity for power for any and all purposes at the rate of $1 per H. P. per month and a current rate not exceeding 6 cents, and to furnish every inhabitant now connected with the plant of said respondent or its wire transmission lines electricity for illuminating purposes, and to charge therefor a minimum charge of $1 per month when not metered, and, when metered, additional current charge up to 20 K. W. H. per month of 12 cents per K. W. H., and to furnish service connections from the feed wires of the respondent company to the owners, also to building of any customer or any resident who shall apply to become a customer, without charge or advances for the said material and without surcharge to any customer or prospective customer."

722 NEBRASKA REPORTS [Vol. 110

State, ex rel. City of Chadron, et al., v. Intermountain R. L. & P. Co.

It appears from the record that on December 22, 1910, the city of Chadron, a city of the second class, made a contract by ordinance No. 229 of said city with Kass & Klingaman for the use for 20 years of the public places of the city to maintain their system of distribution of electric lights to the city and its citizens, and fixed rates for the city's street lights and for citizens at a 12 cent per kilowatt, monthly, meter rate, and this contract was made binding upon the assigns of Kass & Klingaman. Some years later Kass & Klingaman sold their plant and contract rights to the respondent Intermountain Railway, Light & Power Company, and ordinance No. 287 was passed by the city of Chadron at the request of respondent company, and its terms were accepted in writing by said company. By its terms this contract under ordinance No. 287 was for the period of 25 years from the date of its final passage on January 19, 1917.

It appears that all parties acted upon and carried out the terms of said contract until some time in November, 1918, when the respondent company notified the city of Chadron that it would, on and after said date, collect from the city and all consumers in said city the maximum rates provided for in said ordinances and contract, and in addition thereto a surcharge of 33 1-3 per cent. thereon, and that thereafter and up to the time of the commencement of this action said surcharge was collected from the city and all consumers therein, until stopped by the restraining order issued in this case at the commencement thereof.

Among the first objections made by the respondent is that the district court erred in granting an injunction or restraining order with the writ of mandamus, that the two remedies are inconsistent; and it is contended that an injunction is the proper remedy for the threatened violation of a duty entailing an injury for which the law gives no adequate remedy, while the office of mandamus is to compel the performance of a plain and positive

duty. It is strenuously urged by respondents' counsel that in this case the relators really seek the specific performance of a contract aided by injunction, and that if the relator is entitled to any relief the remedy is by specific performance and injunction, and not by mandamus.

It is unquestioned that the writ of mandamus is an extraordinary legal remedy and should not be used where there is an adequate remedy at law. Although to a certain extent proceedings by mandamus and by injunction occupy the same field and cover parts of the same ground, yet one of the distinguishing questions presented here at the outset is whether money damages are adequate to compensate the city of Chadron and the public for the failure on the part of the respondent company to carry out the terms of the contract. There is a provision for, and the ordinance requires, a continuity of service in the furnishing of electrical current, and it is very evident that a continued refusal on the part of respondent company to live up to the franchise contract could not be adequately relieved by suits for damages; there would have to be a multiplicity of suits and the public privileges of the city in the lighting of the streets and municipal buildings could not be preserved and the damages from violation adequately reached by legal actions. It appears to us that there is a plain public duty to be performed by the public service corporation arising under the terms of the ordinances and the franchise contract, and that the extraordinary legal remedy of mandamus is the only one which would furnish an adequate remedy and reach the desired object, and it seems to be clear and plain from the facts in the record just what the respondents' duties are to the city and its citizens, and that mandamus is authorized in cases of this kind.

It is also quite generally held that a temporary injunctional order, ancillary and an aid to the writ of mandamus, to prevent an actual or threatened injury, can be issued. In *North Carolina Public Service Co. v.*

*Southern Power Co.,* 181 N. Car. 356, it is stated by
Justice Stacy that the writs of mandamus and injunc-
tion may properly aid each other in actions requiring
such relief. See *De Lancey v. Piepgras,* 141 N. Y. 88;
*Cline v. Whitaker,* 144 Wis. 439, 140 Am. St. Rep. 1039;
*Davis v. Mayor,* 1 Duer (N. Y.) 451; *Whigham v. Davis,*
92 Ga. 574.

This court in a number of cases has issued the writ
of mandamus in the enforcement of contracts where the
duty was plain and of a public nature. *State v. Lincoln
Medical College,* 81 Neb. 533; *State v. Missouri P. R. Co.,*
100 Neb. 700; *State v. Dahlman,* 100 Neb. 416. The third
paragraph of the syllabus in the latter case is as follows:
"The act providing for the consolidation requires the con-
solidated city to perform all valid, unperformed, sub-
sisting contracts made by the city of South Omaha, and
a writ of mandamus to compel such performance was
properly issued by the district court."

The general rule seems to be that, when the relator
is the beneficiary of a contract, ordinance, franchise or
statute, which is of a public nature, the writ should
issue. The mandate issued plainly requires the per-
formance of a legal, public duty. and not only is the city
of Chadron a proper party, but any and all of the con-
sumers of electrical current and the beneficiaries of such
city are interested and may be made parties.

The pleadings upon which this case was submitted to
the district court virtually admit the general liabilities,
obligations, rights and duties devolving upon the relators
and respondents, and the district court had but to apply
the established law to the facts in order to come to the
conclusions reached and to justify its judgment. It has
long been settled by the better judicial authorities that,
where there is a grant and acceptance of a public fran-
chise which imposes certain obligations on the corporation
to which a franchise is granted, a public duty is im-
posed upon it, differing from an ordinary contractual
duty, and that a writ of mandamus will issue in a proper

case to compel the performance of such public duty. *Chicago v. Chicago Telephone Co.*, 230 Ill. 157, 12 Ann. Cas. 109, and note, 13 L. R. A. n. s. 1084; *City of Potwin Place v. Topeka R. Co.*, 51 Kan. 609, 37 Am. St. Rep. 312; *Township of Ross v. Michigan U. R. Co.*, 165 Mich. 28, Ann. Cas. 1912C, 885, and note; *State v. St. Paul, M. & M. R. Co.*, 98 Minn. 380, 8 Ann. Cas. 1047, 28 L. R. A. n. s. 298; *State v. St. Paul City R. Co.*, 117 Minn. 316, Ann. Cas. 1913D, 139; *State v. Bridgeton & Millville Traction Co.*, 62 N. J. Law, 592, 45 L. R. A. 837.

Because the respondent company is an assignee or transferee of the franchise, it is not relieved from any burden which inhered in the original or subsequent grants of the franchise, and the court should compel the performance of the legal obligations and duties assumed and contained in such franchise. *Walls v. Strickland*, 174 N. Car. 298; *Mahan v. Michigan Telephone Co.*, 132 Mich. 242; *Yancey v. Batesville Telephone Co.*, 81 Ark. 486, 11 Ann. Cas. 135; *Robbins v. Bangor R. & E. Co.*, 100 Me. 496, 1 L. R. A. n. s. 963; *Godwin v. Telephone Co.*, 136 N. Car. 258, 67 L. R. A. 251, 103 Am. St. Rep. 941, 1 Ann. Cas. 203; *Horner v. Oxford Water & Electric Co.*, 153 N. Car. 538, 138 Am. St. Rep. 681.

The answer and return of the respondent company states, as one of the reasons why the terms of the contract should not be performed on its part, that at the present time such performance is not remunerative or profitable and could only be performed at a loss, but this is not a valid reason under the law.

In *Columbus R. P. & L. Co. v. City of Columbus*, 63 L. ed. 669 (249 U. S. 399) it is held:

"Increased street railway operating costs and decreased net revenues due to war conditions and to an increased wage scale fixed by the national war labor board, though rendering unremunerative the street railway fares fixed by municipal franchise ordinances which, by acceptance, became valid contracts, mutually binding for the twenty-five year term named therein, do not absolve the street railway company from the obligations of its

contract, so as to justify it in surrendering its franchises and excuse it from giving service at the rates so fixed, especially where it cannot be said that, taking all the years of the term together, the contract will prove unremunerative."

"A municipality acting under state authority, may, by ordinance, make a valid binding contract obligating it to permit the operation of a street railway upon the city streets for twenty-five years, upon the terms and conditions therein set forth."

"If a party charges himself with an obligation possible to be performed, he must abide by it unless performance is rendered impossible by the act of God, the law, or the other party. Unforeseen difficulties will not excuse performance. Where the parties have made no provision for a dispensation, the terms of the contract must prevail."

See, also, 6 R. C. L. 997, sec. 364.

The main facts establishing the obligations and duties between the relators and respondents are not in dispute but are admitted in the pleadings, yet the respondents seek to justify their action in adding a surcharge of 33 1-3 per cent. to the maximum rates provided for in the ordinances on the ground, as stated in their answer, that the company notified the city that it was necessary to have an increase in the rates because the maximum rate had become grossly inadequate and noncompensatory, and also that the city and the public had consented to such increased rate by paying the same from the date of such notice of increase to the time of the commencement of this suit, although it was stated, and it may be reasonably inferred, that such consent or payment was induced by the admitted threat that the current would be turned off and not furnished by the company, unless the surcharge was paid in addition to the regular rates. It occurs to the writer of this opinion that a similar argument of consent might be made in defense of the highway robber who compels his victim at the point of a revolver to turn over his money in order to save his life. Such en-

forced consent certainly cannot be intelligently held to do away with the public obligations and duties contained in the ordinances and contract entered into and acted upon for years by the city and its beneficiaries, on the one hand, and the public service corporation, on the other. Municipal ordinances and contracts affecting the public are not thus lightly to be abrogated at the will and pleasure of one party without the legal consent of the other, and the writ of mandamus would seem to be the proper remedy to require such corporations to perform the plain public duties which they have assumed.

The decisions of this court and of the courts of the United States generally seem to meet and answer fully all the assignments of error made by appellants. The facts admitted in the pleadings and the best adjudicated cases all unite in authorizing and sustaining the proceedings of the district court, whose judgment should be affirmed.

AFFIRMED.

---

The following opinion on motion for rehearing was filed April 30, 1924. *Former judgment of affirmance vacated, and judgment of district court reversed.*

1. **Mandamus:** PEREMPTORY WRIT. To justify the issuance of a peremptory writ of mandamus, the alternative writ should state or recite facts showing that compliance with the demands of relators is a specific duty clearly enjoined by law upon respondent.

2. ———: ———. In a proceeding for a peremptory writ of mandamus, it is error to assume unproved facts denied by the answer or return.

3. ———: DENIAL OF WRIT. If a peremptory mandamus cannot be granted as prayed, the writ may properly be denied.

4. ———: ALLOWANCE OF WRIT: ERROR. On application by a city for a peremptory writ of mandamus requiring a public service corporation to furnish electric currents according to the terms of a city ordinance, a judgment requiring performance of that duty on terms at variance with the ordinance is erroneous.

5. ———: ———: ———. In mandamus to compel a public service corporation to comply with a city ordinance, a writ subjecting an individual respondent to coercive process is erroneous, if the record

728     NEBRASKA REPORTS     [VOL. 110

State, ex rel. City of Chadron, et al., v. Intermountain R. L. & P. Co.

fails to show that he is directed by the writ to perform a specific duty enjoined upon him by law.

Heard before MORRISSEY, C. J., LETTON, ROSE, DEAN, DAY and GOOD, JJ.

ROSE, J.

This is an application by the city of Chadron and other relators for a peremptory writ of mandamus requiring the Intermountain Railway, Light & Power Company and Edward N. Libby, respondents, to comply with a contract and city ordinance enjoining upon them the duty to furnish electric currents to the city of Chadron and residents thereof. The writ was allowed, and respondents appealed. Upon a consideration of the appeal the judgment was affirmed. A statement of the case appears in the former opinion and need not be repeated. *State v. Intermountain R., L. & P. Co.,* ante, p. 720. Subsequently a reargument was granted on motion of respondents. In the light of new arguments at the bar the case was again submitted and reconsidered.

Some features of the application and judgment, not discussed in the former opinion, seem to require consideration. The alternative writ issued by the district court does not state or recite facts showing that compliance with the demands of relators is a specific duty clearly enjoined by law upon respondents. To justify the issuance of the peremptory writ it was necessary to assume unproved facts denied in the answer. If mandamus cannot be granted as prayed, the writ may properly be denied. In these respects relators failed to comply with principles of law applicable to a proceeding of this kind.

The peremptory writ granted by the district court required respondents to furnish electric currents on terms at variance with those prescribed by the ordinance which relators pleaded as a basis for the relief demanded by them. For this reason the judgment was erroneous.

Furthermore, the record fails to show that the duty to comply with the lighting ordinance and contract was one which the law enjoins upon respondent Libby. It

follows that the judgment subjecting him to coercive process was erroneous. For the reasons stated, the former judgment on appeal in this case is vacated, the judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.