668 N.W.2d 258 (2003)
12 Neb. App. 132
Jerry NIEWOHNER et al., doing business as Niewohner Cattle Co., Appellants,
v.
ANTELOPE COUNTY BOARD OF ADJUSTMENT, Appellee.
No. A-02-264.
Court of Appeals of Nebraska.
September 2, 2003.
*260 Nora M. Kane, of Domina Law, P.C., Omaha, for appellants.
Michael L. Long, Antelope County Attorney, for appellee.
HANNON, INBODY, and MOORE, Judges.
INBODY, Judge.

INTRODUCTION
Jerry Niewohner, Steven Niewohner, Matt Niewohner, and Mark Niewohner appeal from the January 31, 2002, order of the Antelope County District Court dismissing their petition for lack of jurisdiction. For the reasons stated herein, we reverse, and remand for further proceedings.

STATEMENT OF FACTS
The Niewohners operate a feedlot business called Niewohner Cattle Co. in Antelope County, Nebraska. They filed an application for a conditional use permit to allow water to be pumped to pivots and to create new cattle yards. On July 11, 2001, following a hearing relating to the Niewohners' operation of the feedlot, the Antelope County Board of Supervisors (Board of Supervisors) denied the application as it related to the dispensing of lagoon water on the southwest quarter of Section 15, Logan Township, because the location was too close in proximity to neighbors, the city of Elgin, and a drainage canal which empties into the Elkhorn River. The Board of Supervisors approved the application as it applied to the southeast quarter of Section 16, Logan Township, and the northeast quarter of Section 20, Logan Township; however, it imposed various conditions which the Niewohners contended are stringent and arbitrary.
On August 7, 2001, the Niewohners appealed to the Antelope County Board of Adjustment (Board of Adjustment). A hearing on the matter was held on September 10, during which hearing counsel for the Board of Supervisors as well as counsel for the Board of Adjustment argued that the Board of Adjustment lacked jurisdiction over the matter. The Board of Adjustment concluded that it lacked jurisdiction over the matter and dismissed the petition. The Niewohners then appealed to the Antelope County District Court, which court also concluded that the Board of Adjustment lacked jurisdiction over the Niewohners' appeal from the Board of Supervisors. The district court dismissed the Niewohners' appeal, and they have timely appealed to this court.

ASSIGNMENTS OF ERROR
The Niewohners assign as error on appeal that the district court erred by (1) concluding that an appeal cannot be taken from the Board of Supervisors to the Board of Adjustment, (2) misinterpreting various state statutes and county zoning regulations, and (3) dismissing the appeal for lack of jurisdiction.

STANDARD OF REVIEW
Statutory interpretation is a matter of law, in connection with which an appellate court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the *261 court below. Premium Farms v. County of Holt, 263 Neb. 415, 640 N.W.2d 633 (2002).

ANALYSIS
The Niewohners first argue that the district court erred in determining that the Board of Adjustment did not have jurisdiction over the appeal from the Board of Supervisors.
When construing a statute, an appellate court must look to the statute's purpose and give to the statute a reasonable construction which best achieves that purpose, rather than a construction which would defeat it. Rodriguez v. Monfort, Inc., 262 Neb. 800, 635 N.W.2d 439 (2001). A court must attempt to give effect to all parts of a statute, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless; it is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. In re Interest of Sabrina K., 262 Neb. 871, 635 N.W.2d 727 (2001); Rodriguez v. Monfort, Inc., supra; Hatcher v. Bellevue Vol. Fire Dept., 262 Neb. 23, 628 N.W.2d 685 (2001).
The Nebraska Supreme Court in Airport Authority of City of Millard v. City of Omaha, 185 Neb. 623, 626, 177 N.W.2d 603, 605 (1970), quoting Lang v. Sanitary District, 160 Neb. 754, 71 N.W.2d 608 (1955), stated:
"In enacting a statute, the Legislature must be presumed to have had in mind all previous legislation upon the subject. In the construction of a statute, courts must consider the preexisting law together with any other laws relating to the same subject, which, although enacted at different times, are in pari materia therewith."
In the instant case, the Niewohners filed an application for a conditional use permit. An understanding of the process involved from the submittal of an application to the rendering of a decision is helpful to arrive at an understanding of this case. Under the Antelope County zoning regulations, a written application and site plan for conditional use are to be submitted by the property owner to the zoning administrator. The application is then submitted for consideration by the Board of Supervisors, which, after a hearing, refers the application to the Antelope County Planning Commission for review, research, and a recommendation. After review, research, and a public hearing on the property owner's application, the Antelope County Planning Commission sends its recommendation of approval or disapproval to the Board of Supervisors. The Board of Supervisors then holds a public hearing at which it hears the property owner's application, reviews and considers the recommendations of the Antelope County Planning Commission, and either approves or disapproves the applicant's request for a conditional use permit.
The Antelope County zoning regulations also provide that the Board of Adjustment has the power
[t]o hear and decide appeals where it is alleged by the appellant that there is an error in [any] order [or] requirement... made by an administrative official or any agency based on or made in the enforcement of [the Antelope County zoning regulations] or any regulation relating to the location or soundness of structures.
In the instant case, as noted above, the Board of Supervisors denied the Niewohners' application as it related to the dispensing of lagoon water on the southwest quarter of Section 15, Logan Township, because the location was too close in proximity to neighbors, the city of Elgin, and a drainage canal which empties into the Elkhorn *262 River. The Board of Supervisors approved the application as it applied to the southeast quarter of Section 16, Logan Township, and the northeast quarter of Section 20, Logan Township; however, the Board imposed various conditions. The Niewohners appealed the decision of the Board of Supervisors to the Board of Adjustment, which determined that it did not have jurisdiction and dismissed the appeal.
The Niewohners argue that the Board of Supervisors is an administrative agency and that therefore, an appeal to the Board of Adjustment was proper under Neb.Rev. Stat. § 23-168.03 (Reissue 1997). We turn to examine the Nebraska statutes relating to county zoning for guidance.
Neb.Rev.Stat. § 23-168.02(1) (Reissue 1997) provides that an appeal may be brought before a county board of adjustment "by any person ... aggrieved, or by any officer, department, board, or bureau of the county affected by any decision of an administrative officer or planning commission." Section 23-168.03(1) uses virtually the same language as the Antelope County zoning regulations and provides that a county board of adjustment has the power to "hear and decide appeals where it is alleged by the appellant that there is an error in any order [or] requirement ... made by an administrative official or agency based on or made in the enforcement of any zoning regulation or any regulation relating to the location or soundness of structures."
Because this case involves statutory interpretation, an examination of the legislative history of the most recent amendments to § 23-168.03 is helpful. See 1978 Neb. Laws, L.B. 186. During his statement regarding the purpose of the proposed amendments to § 23-168.03, Senator Doug Bereuter, one of the introducers of the bill, described the various bodies of local government and stated:
The governing body, of course that's the City Council or the County Board of Commissioners or County Board of Supervisors. [The County Board of Supervisors] appoint[s] a Planning Commission.... Th[is] Planning Commission is advisory to the [County Board of Supervisors]. The [County Board of Supervisors] implements any regulations [it] might have enacted through the building inspector.... If [the building inspector] denies [a building permit,] the citizen can take an appeal to the Zoning Board of Adjustment.... [T]he appeal provisions beyond [the Zoning Board of Adjustment] is to the district court and on up the court system.
Committee on Government, Military, and Veterans' Affairs, L.B. 186, 85th Leg., 1st Sess. 1-2 (Feb. 18, 1977).
Senator Bereuter went on to state that under the then-existing statute,
[t]he Zoning Board of Adjustment ... is a judicial or quasi judicial body and can do only three things under the existing state law. One, it can interpret boundaries of districts; two, it can grant variances under various specific conditions which are very closely delineated by law, wherefore unusual conditions like topography or the shape of a lot, a strict application of the rules wouldn't permit any kind of construction on that lot. In those cases[,] the variance can be granted. The Zoning Board of Adjustment is the only body that can grant such variance[.] The third area ... is... [the Zoning Board of Adjustment] serves as an appeal mechanism when the citizen feels that the building inspector or the governing body didn't follow their own regulations or perhaps discriminated unfairly against that citizen.
Id. at 3.
Senator Bereuter also stated that under the proposed amendments, *263 the County [Supervisors] may not appoint themselves to the Zoning Board of Adjustment.... The reason I feel strongly about this matter is that the Zoning Board of Adjustment is the quasi judicial body. It does serve as an avenue of appeal for the decisions of the [County Board of Supervisors] or the building inspector. Therefore, if you have one of the County [Supervisors] sitting on the [Board of Adjustment] he in fact is ruling on the appeal of a decision he might have made himself. Or certainly his body made.
Id. at 4.
We note that both § 23-168.03(1) and the Antelope County zoning regulations provide the Board of Adjustment with the power to "hear and decide appeals where it is alleged by the appellant that there is an error in any order [or] requirement ... made by an administrative official or agency based on or made in the enforcement of any zoning regulation or any regulation relating to the location or soundness of structures." Therefore, we must determine whether the Board of Supervisors is an "administrative official or agency."
The Antelope County zoning regulations provide that the Board of Supervisors shall have the following authorities:
[(1)] Hear and decide conditional use applications....
[(2)] Consider and adopt ... changes (rezonings) to the Antelope County Official Map, after review and recommendation by the Planning Commission.
[(3)] Consider and adopt a schedule of permit and application fees....
[(4)] Provide for the proper and constant enforcement ... through appointment of a Zoning Administrator....
The Nebraska Supreme Court in Bowman v. City of York, 240 Neb. 201, 209, 482 N.W.2d 537, 543 (1992), stated that an administrative agency is "`a governmental authority, other than a court and other than a legislative body, which affects the rights of private parties through either adjudication or rulemaking'" (citing 1 Kenneth C. Davis, Administrative Law Treatise § 1:2 (2d ed.1978)).
In the instant case, the legislative history of § 23-168.03 appears to contemplate an appeal from a county board of supervisors to a county board of adjustment, because Neb.Rev.Stat. § 23-168.01(1) (Reissue 1997) was amended to provide that no member of the county board of supervisors could be a member of the county board of adjustment because he would be "ruling on the appeal of a decision he might have made himself. Or certainly his body made." Committee on Government, Military, and Veterans' Affairs, L.B. 186, 85th Leg., 1st Sess. 4 (Feb. 18, 1977).
Because the instant case involves statutory interpretation, this court has an obligation to reach an independent, correct conclusion irrespective of the determination made by the court below. See Premium Farms v. County of Holt, 263 Neb. 415, 640 N.W.2d 633 (2002). Because the Board of Supervisors has the power to hear and decide conditional use applications and adopt amendments, we find that it is an administrative agency which affects the rights of private parties through either adjudication or rulemaking.
Therefore, because the Board of Supervisors is an administrative agency, it was proper for the Niewohners to appeal its decision to the Board of Adjustment. Because such an appeal is proper, we find that the Board of Adjustment and the Antelope County District Court erred in holding that the Board of Adjustment lacked jurisdiction. Therefore, we reverse *264 the decision of the district court and remand this matter for further proceedings.
Because our analysis of the above issue has adequately disposed of this appeal, we do not consider the Niewohners' other assignments of error. An appellate court is not obligated to engage in an analysis which is not needed to adjudicate the case and controversy before it. Kelly v. Kelly, 246 Neb. 55, 516 N.W.2d 612 (1994).

CONCLUSION
For the above-stated reasons, we find that the Board of Supervisors is an administrative agency which affects the rights of private parties through either adjudication or rulemaking. As a result, we find that the Board of Adjustment had jurisdiction over the Niewohners' appeal. Therefore, we reverse the decision of the district court and remand this matter for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.