JOHANNA W. NIELSEN ET AL., APPELLEES, V. CENTRAL NEBRASKA LAND & INVESTMENT COMPANY ET AL., APPELLANTS.

FILED SEPTEMBER 26, 1910.    No. 16,075.

1. Mortgages: FORECLOSURE: DEFENSES: ESTOPPEL. The owner of a life estate in a homestead attempted to convey a title in fee simple to a purchaser and took a purchase money mortgage back apparently conveying the entire estate. After the termination of the life estate the remaindermen, who are also the owners of the mortgage, brought this action to foreclose the same. *Held*, that the mortgagor and his grantees, who are still in possession claiming title, are not entitled to defend on the ground that the estate conveyed by the deed and mortgage was only a life estate.

2. ——: ——: ——. If remaindermen recognize the validity of a deed made by the owner of the life estate purporting to convey the entire estate in fee simple, they are entitled to foreclose a purchase money mortgage given to the seller, which they inherited. If they affirm the title, the mortgagor cannot set up its failure as a defense to the mortgage.

3. ——: ——: ——: DUTY OF OWNER TO PAY TAXES. Where a person becomes the owner of land, either by a quitclaim deed or other means, ordinarily it becomes his duty to pay the taxes, and he cannot defeat a prior mortgage by purchasing the property at a tax foreclosure sale.

4. Appeal: ISSUES. Cases appealed to this court must be considered upon the issues presented in the district court.

5. Mortgages: FORECLOSURE: EVIDENCE. If there is some circumstantial evidence which tends to sustain the allegation in a petition for the foreclosure of a mortgage that no proceedings at law have been had for the recovery of the debt, and nothing appears to show that the defendant has been prejudiced by the omission

of direct proof, this court will observe the provisions of section 145 of the code, and the judgment will not be reversed merely by reason of such defect.

APPEAL from the district court for Custer county: BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Sullivan & Squires,* for appellants.

*Beal & Shinn, contra.*

LETTON, J.

This is an action to foreclose a mortgage on 160 acres of land. A decree of foreclosure was rendered, and defendants appeal.

In 1891 the land was owned by one Nielsen, who with his wife, Nielsine Nielsen, and family resided upon it as a homestead. Nielsen died in 1891, leaving surviving him his wife and ten children. In September, 1892, the widow procured a decree from the county court of Custer county under the so-called "Baker" decedent act, setting apart the entire estate in the premises to her in fee simple as a homestead. In 1893 Mrs. Nielsen sold the premises to John Hanson and conveyed the same to him by warranty deed, and Hanson and wife gave a mortgage back to Mrs. Nielsen to secure the sum of $800, part of the purchase money. This action is brought by the heirs of Mrs. Nielsen to foreclose this mortgage. Hanson immediately took possession of the premises, and claimed to own the same subject to the lien of this mortgage until September 3, 1902. In October, 1895, one Griffith purchased the premises at tax sale, and in December, 1899, he began an action to foreclose the tax lien, making Hanson and wife, C. F. Sheldon, and Niel Nielsen parties. Hanson and wife were served personally and Sheldon appeared. Nielsen was dead and none of his heirs were made parties. In 1901 a decree of foreclosure was rendered, the premises ordered sold, and afterwards the premises were sold to Paul H. Marlay, the sale confirmed, and a deed executed by the

sheriff to him on September 3, 1902. It is admitted in the pleadings that on the 13th of February, 1901, John Hanson and wife executed and delivered to Paul H. Marlay a quitclaim deed to the premises. In April, 1902, Marlay sold the land to the Central Nebraska Land and Investment Company by warranty deed, and that company afterwards entered into a contract to sell the same to defendant Christensen. Marlay and his grantees have been in the exclusive possession of the premises holding adversely since the 3d of September, 1902. The case was submitted on the pleadings and an agreed statement of facts, so the only questions raised are as to the law applicable thereto.

The defendants' view is that the action of the county court was void in so far as it attempted to confirm in the widow a fee simple title to the land, because both the Baker act and the curative act (laws 1895, ch. 32) are void; that her deed to Hanson conveyed only a life estate in the premises, which expired with her life; that the purchase money mortgage was a mortgage upon the life estate only, and that when that terminated the mortgage lapsed; that Marlay, having derived his title from an independent source, was not in privity with Hanson and had a right to resist the mortgage. The brief further argues that since in the foreclosure of the tax lien Sheldon by crossbill set up a prior mortgage given by Hanson, which was foreclosed by the same decree, the plaintiffs are not entitled to bring this action, but could only have an action to redeem from the first mortgage.

In the case of *Draper v. Clayton, ante,* p. 443, the Baker act and the curative act were both considered in a like controversy, and were held to be without effect upon the rights of the parties. Mrs. Nielsen's deed to Hanson, therefore, conveyed only a life estate, and the mortgage incumbered no greater estate than that conveyed. The plaintiffs, however, occupy a dual position with reference to the land and the mortgage; they are the owners of the mortgage debt by inheritance from their mother, and they are also the legal owners of the land by

inheritance from their father, Niel Nielsen.  The deed to
Hanson purported to convey a fee simple title.  The heirs
of Nielsen have the right to ratify and confirm the con-
veyance by which their mother sought to transfer the
whole estate, if they elect to do so.

In their brief they say they are content that Hanson
and his grantees have the title to the land, and that all
they ask is the agreed price.  We see no reason why they
should not have the right to confirm the title by ratifying
and adopting the mortgage as a valid lien upon the whole
estate, unless in some manner they are prevented from
so doing by the tax foreclosure and purchase of the land
at sheriff's sale.  Whether these proceedings affected their
rights we will now consider.  When in February, 1901,
Marlay became the owner of Hanson's interest in the
premises by virtue of the quitclaim deed, it became his
duty to pay the taxes.  His subsequent purchase at the
tax foreclosure sale was in legal effect a redemption of
the premises for his own benefit or for the benefit of his
covenantees, and the sheriff's deed, so far as the taxes
were concerned, conveyed no better title to him than he
had acquired by his quitclaim deed.  It appears inci-
dentally in the evidence that Sheldon's mortgage was
attempted to be foreclosed in that action, but the defend-
ants do not now plead any rights derived by or under it,
make no mention of it except in their brief, and base the
whole defense upon the invalidity of plaintiff's mortgage,
and upon the alleged independent title acquired by the
sheriff's deed and the possession taken thereunder.  The
plaintiffs' mortgage was dated December 1, 1893; it be-
came due on the 1st day of December, 1898.  This action
was begun within ten years from its maturity, and, hence,
the action is not barred by the statute.

The petition contains the formal allegations that no
proceedings at law have been had for the recovery of the
amount due on the mortgage or any part thereof, nor has
any part thereof been collected or paid.  There is a gen-
eral denial in the answer.  Defendants strenuously insist

that this allegation is denied, and that there is no evidence to support it. The allegation is negative in its nature, and we have said that where there is some evidence tending to support the allegation, and no contrary showing is attempted, a decree of foreclosure will be affirmed. *Enyart v. Moran*, 64 Neb. 401; *McLanahan v. Chamberlain*, 85 Neb. 850; *Chaffee v. Sehestedt*, 4 Neb. (Unof.) 740; *Brown v. Collins*, 2 Neb. (Unof.) 149.

It is admitted that the sum of $1,724.25 is due and unpaid on the mortgage; that the mortgage was inherited by the plaintiffs from their mother's estate; that they have never sold or assigned the note and mortgage and are now the owners thereof. The note itself was apparently barred by the statute of limitations. These admitted facts afford circumstantial evidence to some extent of the truth of the allegation. The record fails to show that this objection was called to the attention of the district court. No error affecting defendants' substantial rights is apparent.

In this state of the proofs, we feel bound to apply the provisions of section 145 of the code that "the court, in every stage of an action, must disregard any error or defect in the pleadings or proceedings, which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

The judgment of the district court, therefore, is

AFFIRMED.