DAVID I. PARKER ET AL., APPELLEES, V. CITY OF GRAND
ISLAND ET AL., APPELLEES: R. E. DAVIS ET AL.,
INTERVENERS, APPELLANTS.

FILED JULY 26, 1927. No. 25907.

1. Parties: INTERVENTION. Sections 8552-8554, Comp. St. 1922,
providing for intervention, are to be liberally construed; but
the statute must be substantially complied with and the appli-
cant must bring himself within the provisions thereof, other-
wise he is a mere interloper.

2. ———: ———: PLEADING. "An intervener must plead some
interest in the subject-matter of the litigation; a mere denial of
plaintiff's right is insufficient to give him a standing in court."
*Moline, Milburn & Stoddard Co. v. Hamilton*, 56 Neb. 132.

3. ———: ———: ———. An interest in the intervener is a
traversable fact, and its actual existence is indispensable to
his standing in court; and the mere fact that in preliminary
proceedings a claim of such interest in behalf of such intervener
may appear does not excuse failure to plead it as part of the
issues tendered by intervener for determination on trial of the
merits of the action in the district court.

APPEAL from the district court for Hall county: EDWIN
P. CLEMENTS, JUDGE. *Affirmed.*

*Horth, Cleary & Suhr*, for appellants.

*R. J. Cunningham* and *Paul C. Holmberg*, contra.

Heard before GOSS, C. J., ROSE, DAY, GOOD, THOMPSON
and EBERLY, JJ.

EBERLY, J.

Action in equity to enjoin the paving of "District
No. 69" of the city of Grand Island. Trial had in the dis-
trict court for Hall county on issues formed by "amended
petition of plaintiffs," filed September 10, 1926, the
"amended answer of the city of Grand Island" and code-
fendants, filed October 1, 1926, the amended answer of
R. E. Davis et al., intervening defendants, filed September
28, 1926, and reply thereto. Decree entered March 4, 1927,
in part as follows: "Now on this 2d day of February,

1927, being one of the days of the January, 1927, term of the district court of Hall county, Nebraska, this cause came on for further hearing, and the court, being duly advised in the premises, finds: * * * That the notice given to property owners in said district of the creation of said district was defective in substance and for that reason the proceedings thereafter had were not binding upon the plaintiffs herein and are null and void and plaintiffs are entitled to an injunction as prayed in their amended petition. It is, therefore, considered and adjudged that the defendants, the city of Grand Island, a Corporation of Hall county, Nebraska, M. W. Jenkins, mayor of the city of Grand Island, Henry E. Clifford, city clerk of the city of Grand Island, and Kenneth Y. Craig, city engineer of the city of Grand Island, be and hereby are enjoined and restrained from any further proceeding to pave the streets of said paving district No. 69, until proper notice to parties interested of the formation of said district has been given in accordance with the law, and a determination of the number of persons objecting has been had."

The city of Grand Island and codefendants do not appeal, or further contest the issues of the suit. Appeal lodged here solely in behalf of "interveners," or, as designated in præcipe, "R. E. Davis et al., appellants."

The case is for trial *de novo*. The preliminary question before us is, as between the plaintiffs and the interveners, the right of the latter in the present case to challenge the right of the former to maintain their action.

Intervention was unknown at common law and equity, and is a creature of statute. *Shepard v. New Jersey C. W. & L. Co.,* 73 N. J. Eq. 578; *Stretch v. Stretch,* 2 Tenn. Ch. 140; *Delaney v. Sheehan,* 138 Ga. 510; *Fischer v. Hanna,* 8 Colo. App. 471; *Potlatch Lumber Co. v. Runkel,* 16 Idaho, 192; *Faricy v. St. Paul Investment & Savings Society,* 110 Minn. 311; *Dent v. Ross,* 35 Pa. St. 337; *Cross, Petitioner,* 17 R. I. 568; *Speak v. Ransom,* 2 Tenn. Ch. 210; *Whitman v. Willis & Bro.,* 51 Tex. 421. In this state sec-

Parker v. City of Grand Island.

tions 8552-8554, Comp. St. 1922, create and regulate that right.  These provisions are to be liberally construed.  However, they must be substantially followed, and the applicant must bring himself within their provisions, otherwise he is a mere interloper.

An examination of the "amended answer" of the interveners discloses that it is exclusively made up of admissions and denials of the allegations contained in the amended petition of plaintiffs, above referred to.  It wholly omits to set forth in traversable form any interest whatsoever which the interveners have, or claim to have, in the matter in litigation.

The announced doctrine of this court is:  "The allegation of an interest in the intervener was a traversable averment, and the intervener should, by appropriate pleadings, have made the averment in the district court, and so tendered an issue."  Without such averment of the ultimate facts evidencing his interest in the matter in litigation, he is regarded as a mere interloper, and wholly incompetent to challenge the contentions of the opposing parties.  Such allegation on part of the interveners is a prerequisite to stating a cause of action or tendering a valid defense.  As this case stood in the district court, the plaintiffs were upon the pleadings entitled to a judgment against the interveners.  *Moline, Milburn & Stoddard Co. v. Hamilton,* 56 Neb. 132.  See, also, *Steltzer v. Compton,* 164 Ia. 465; *Des Moines Ins. Co. v. Lent,* 75 Ia. 522; *Smith v. Gale,* 144 U. S. 509.

The result of a hearing *de novo* can be no different. The judgment of the district court is, therefore,

AFFIRMED.