THE EXCHANGE BANK, GIBBON, NEBRASKA, A CORPORATION, APPELLEE, v. MID-NEBRASKA COMPUTER SERVICES, INC., A CORPORATION, ET AL., APPELLANTS.

199 N. W. 2d 5

Filed June 23, 1972. No. 38342.

674

Knapp, Tarrell, State & Yeagley, for appellants.

Tye, Worlock, Tye, Jacobsen & Orr, for appellee.

Heard before SPENCER, SMITH, and NEWTON, JJ., and LYNCH and MORAN, District Judges.

LYNCH, District Judge.

This is an action to foreclose two separate mortgages on the same property. The defendants filed a general denial. The plaintiff proved execution of the notes and mortgages, defaults, and amounts due. The instruments were received in evidence and canceled and merged in judgment. Defendants' counsel cross-examined only as to amounts due and interest and offered no testimony. A decree in proper form was entered which included findings that certain amounts were due to plaintiff. The defendants' motion for new trial, based upon four general allegations of error, was overruled. At an ex parte hearing in chambers, defendants' counsel tendered a supersedeas bond conditioned pursuant to subsection (3) of section 25-1916, R. S. Supp., 1971. The court required a bond under subsection (1) of that statute.

On appeal the defendants contend that: (1) There was not competent evidence to support the allegation that no proceedings at law had been instituted for the recovery of the debts; and (2) the court erred in requiring a bond pursuant to subsection (1) of section 25-1916, R. S. Supp., 1971.

Concerning defendants' first argument, the case of Nielsen v. Central Nebraska Land & Investment Co., 87 Neb. 518, 127 N. W. 897, is controlling: "If there is some circumstantial evidence which tends to sustain the allegation in a petition for the foreclosure of a mortgage that no proceedings at law have been had for the recovery of the debt, and nothing appears to show that the defendant has been prejudiced by the omission of direct proof, this court will observe the provisions of section 145 of the code, and the judgment will not be reversed merely by reason of such defect." Section 145 of the code is now section 25-853, R. R. S. 1943.

Dicta in the Nielsen case states: "The allegation is negative in its nature, and we have said that where there is some evidence tending to support the allegation, and no contrary showing is attempted, a decree of foreclosure will be affirmed." Also, "The record fails to show that this objection was called to the attention of the district court. No error affecting defendants' substantial rights is apparent."

In the instant case there was some circumstantial evidence tending to support the negative allegation in the petition; there was no contrary showing attempted; there was no proof of prejudice; and the objection was not called to the attention of the trial court. Therefore, this assignment of error is not well taken. All of defendants' citations are distinguishable.

In support of their second assignment of error, the defendants rely solely upon section 25-1916, R. S. Supp., 1971, and the case of Kountze v. Erck (1895), 45 Neb. 288, 63 N. W. 804, which was an appeal from an order confirming the sale of real property. In that case the

court held that: "* * * the penalty of a supersedeas bond on appeal from the order of confirmation is not required to be double the amount of the deficiency judgment, but must be in such sum as the court or judge shall fix, and conditioned as prescribed by the third subdivision of section 677 of the Code of Civil Procedure." Section 677 of the code is similar to the present section 25-1916, R. S. Supp., 1971. The court further stated: "The defendant has not appealed, nor attempted to do so, from the amount of the deficiency judgment, but merely from the order confirming the sale of the mortgaged premises, which order does not direct the payment of any sum of money whatever. It is true a deficiency judgment was rendered in the case at the same time, but the defendant had a perfect right to have either or both reviewed at his election." In the case of State ex rel. Baker v. Baxter (1903), 4 Neb. Unoff. 869, 96 N. W. 647, the court held: "Where a decree awards the plaintiff a personal judgment against the defendants and also directs the sale of pledged property by way of foreclosure, the defendants may supersede that portion of the decree providing for foreclosure of the pledge without superseding the money judgment."

In 5A C. J. S., Appeal and Error, § 1635, p. 188, it is stated: "The exercise by the trial court of its discretion with respect to * * * fixing the terms and conditions of a supersedeas bond, will not be interfered with on appeal unless there has been a manifest abuse of discretion or injustice has resulted."

In State v. Kidder, 169 Neb. 181, 98 N. W. 2d 800, this court held: "A defective appeal bond which has been approved by the court rendering the judgment confers jurisdiction on the appellate court to have the defect corrected, and the appellate court is required to permit an amendment of the bond or to order the filing of a new bond in the furtherance of justice."

It is concluded that in superseding a decree of fore-

closure which orders the sale of land, the bond should be conditioned as set out in subsection (3) of section 25-1916, R. S. Supp., 1971, and the amount of the pledge or penalty a matter of judicial discretion; and, in appealing from a decree which directs the payment of money and also orders the sale of real estate, the trial court may require a supersedeas bond in an amount computed as specified in subsection (1) and conditioned as provided in subsections (1) and (3) of the statute.

In the instant case it appears that defendants appealed from the money judgments and the order of sale. There has been no showing of prejudice or abuse of discretion either as to the amount or the conditions of the bond. A copy of the supersedeas bond is not included in the record; however, if it does not contain the conditions prescribed in subsection (3) of section 25-1916, R. S. Supp., 1971, it should be amended if requested by the plaintiff.

Applicable to both aspects of defendants' appeal is section 25-853, R. R. S. 1943, which requires the court to disregard defects not affecting the substantial rights of the adverse party. The case of Jacobitz v. Bussinger, 179 Neb. 524, 138 N. W. 2d 839, holds that, "* * * an appeal bond undertaking is within the purview of the statute."

The judgment of the trial court is affirmed. Defendants directed to amend bond if requested by plaintiff.

AFFIRMED.