REQUESTED BY: Joseph C. Steele, Court Administrator Supreme Court of Nebraska
You have requested this office's opinion regarding the following issue: Should all costs in in forma pauperis cases be billed to the county regardless of the origin of the prosecution?
You indicate that, apparently in reliance on Neb. Rev. Stat. § 29-2709 (1989), some courts are billing the city or village for uncollectible costs incurred in in forma pauperis cases (poverty cases) where the city or village was the source of prosecution rather than the county. Other courts, apparently relying on Neb. Rev. Stat. § 25-2301 et seq., are billing uncollectible costs in those same circumstances to the county.
The statutes related to poverty cases found at Article 23 of Chapter 25 were first enacted in 1972. Laws 1972, LB 1120.
Neb. Rev. Stat. §§ 25-2301 through 2310 generally allow either a plaintiff or a defendant in a civil or criminal matter to commence and prosecute or to defend a suit or action in any court of the State, except the Workers' Compensation Court, without payment of certain costs, enumerated therein, upon the filing of an affidavit of poverty. The affidavit of poverty is required to state: the nature of the action, defense or appeal; the affiant's belief that they are entitled to redress; and that the litigant is unable to pay the costs of the action. §25-2301. Upon the filing of a poverty affidavit the court shall direct the issuance and service of all necessary writs, process and proceedings and perform all such duties without charge. §25-2302.
Furthermore, Article 23 provides that the following costs in poverty cases be paid by the county in the same manner as other claims are paid: (1) expense of process by publication, §25-2303; (2) process and witness fees, § 25-2304; (3) expenses of printing the record on appeal, § 25-2305; (4) transcripts necessary to decide a suit or appeal, § 25-2306; and (5) expenses of printing appellate briefs, § 25-2307.
The legislative history for L.B. 1120 makes it clear that this Article was enacted to provide access to the courts to persons unable to otherwise pay their own costs to encourage resolution of disputes via the court system. In particular, this bill was enacted in response to the United States Supreme Court's holding in Boddie v. Connecticut, 401 U.S. 371, 91 S.Ct. 78,28 L.Ed.2d 113 (1971) that indigent persons' due process rights under the 14th and 5th Amendments of the U.S. Constitution were violated by court costs imposed by state courts for dissolution of marriage actions. Id. The Court in Boddie held that the Plaintiff's interest in a divorce was a protected right within the area of the deprivation of life, liberty and pursuit of happiness giving rise to the right to due process. Id.
The Boddie court acknowledged that prior litigation had typically focused upon the rights of defendants to utilize the judicial process rather than persons attempting to initiate litigation. Id. at 375, S.Ct. at 784, L.Ed. at ___. In the wake of the Boddie decision, L.B. 1120 was drafted broadly to apply the waiver of costs to the impoverished litigants both plaintiffs and defendants, in virtually all modes of litigation, including civil or criminal cases.
Section 29-2703 provides: "No costs shall be paid from the county treasury in any case of prosecution for a misdemeanor except as provided in section 29-2709." Section 29-2709 provides in relevant part:
 When any costs in misdemeanor, traffic, or juvenile cases in county court are found by a county judge to be uncollectible for any reason, . . . the judge . . . may enter an order waiving such portion of the costs as by law would be paid over by the court to the State Treasury. . . . In all cases brought by or with the consent of the county attorney, all such uncollectible costs not waived shall be certified by the clerk of the court to the county clerk who shall present the bills therefor to the county board. The county board shall pay from the county general fund all such bills found by the board to be lawful. In all cases brought under city or village ordinance, all such uncollectible costs not waived shall be certified to the appropriate city or village officer authorized to receive claims who shall present the bills therefor to the governing body of the city or village in the same manner as other claims.
Section 29-2709 did not contain the last sentence of the above quoted portion until it was amended by § 23 of LB 226 in 1973. Prior to that amendment the section provided that the magistrates and clerks of the court may forward to the county clerk of the respective county a certified copy of any cost bills that are not collectible in misdemeanor, peace warrant and juvenile cases. The county was obligated to periodically pay such costs certified as not collectible with the caveat that, "no costs shall be allowed in any case unless the suit shall have been instituted with the consent of the county attorney, or, after being brought, he shall approve of such action in writing." Section 29-2709 (Reissue 1964).
The legislative history of LB 226 in 1973 indicates that the bill was offered to make minor clarifying changes in LB 1032 enacted in the 1972 session which made substantial changes to the County Court system in this state. The legislative history of the bill contains neither an explicit nor an implicit statement of the purpose for the amendment of § 29-2709 made by § 23 of LB 226.
In construing the above cited statutes to determine whether the costs at issue should be paid by the county or the city the following rules of statutory construction will control our analysis:
 [A] court will construe statutes relating to the same subject matter together so as to maintain a consistent and sensible scheme. In re Estate of Morse, 241 Neb. 40, 486 N.W.2d 195 (1992). Additionally, when considering a series or collection of statutes pertaining to a certain subject matter which are in pari materia, they may be conjunctively considered and construed to determine the intent of the Legislature, so that different provisions of the act are consistent and sensible. Coleman v. Chadron State College, 237 Neb. 491, 466 N.W.2d 526 (1991). Moreover, when asked to interpret a statute, a court must determine and give effect to the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense; moreover, it is the court's duty, if possible, to discover the Legislature's intent from the language of the statute itself. See Sarpy County v. City of Springfield, supra.
In Re Interest of Powers, 242 Neb. 19, 22-23, 493 N.W.2d 166, 168
(1992).
Furthermore, these rules will be applied to the two sets of statutes cited above although they are in separate Chapters and were enacted separately since:
 All statutes relating to the same subject are considered as parts of a homogeneous system, and later statutes are considered as supplementary to preceding enactments. Statutes relating to the same subject although enacted at different times are in pari materia and should be construed together. Matzke v. City of Seward, 193 Neb. 211, 226 N.W.2d 340 (1975). Courts should not give an interpretation to a statute which would have the effect of nullifying another statute, when obviously that was not the clear legislative intent.
Georgetowne Ltd. Part. v. Geotechnical Service, 230 Neb. 22, 30,430 N.W.2d 34, 39-40 (1988).
When §§ 29-2701 — 2709 are read as a whole it is apparent that the purpose is to set forth the collection of costs, fines and other amounts due pursuant to judgments in criminal cases and the disbursement of said funds. Neb. Rev. Stat. § 29-2207
requires: "In every case of conviction of any person for any felony or misdemeanor, it shall be the duty of the court or magistrate to render judgment for the costs of prosecution against the person convicted." In relation to misdemeanors, §29-2703 provides that: "No costs shall be paid from the county treasury in any case of prosecution for a misdemeanor except as provided in section 29-2709."
Section 29-2709, previously quoted, provides that when any costs in misdemeanor cases in county court are found by a county judge to be uncollectible for any reason, including dismissal of the case, the judge may waive that portion which would be paid to the State Treasurer. All such uncollectible costs not waived shall be certified to the county, if it prosecuted or authorized the prosecution of the matter or to the city or village if the misdemeanor action were pursued pursuant to its ordinance. Id. This section is only operative if the misdemeanor charge is dismissed or if the costs are uncollectible from a person convicted of a misdemeanor. The primary goal under this Article is to collect the costs from a person convicted of misdemeanor in county court as a part of the judgment ordered. When that is not possible the prosecuting jurisdiction is looked to for payment of the costs not waived by the Judge.
Since the costs of prosecution which may be ordered to be paid by a person convicted of a misdemeanor do not reasonably fall within any of the costs the county may be responsible to pay pursuant to § 25-2301 et seq. those costs in an action brought under city or village ordinance cannot reasonably be certified to the county for payment. Furthermore, any costs of the prosecution would likely have been paid at or about the time they were incurred by the prosecuting jurisdiction. However, the issue of how to deal with the costs of defense of the misdemeanor action remains since § 29-2709 refers to any costs in a misdemeanor case.
In construing these two sets of laws together pursuant to the rules of statutory construction the following rules of construction control. The Legislature is presumed to act with full knowledge of preexisting legislation and where a subsequent act on the same subject purports to alter the law it is presumed that a change was intended. See Jeter v. Board of Education,231 Neb. 80, 435 N.W.2d 170 (1989), In re Hilbers Property FreeholdTransfer, 211 Neb. 268, 318 N.W.2d 265 (1982); School Dist. No.17, Douglas County v. State, 210 Neb. 762, 316 N.W.2d 767 (1982). Furthermore, it has repeatedly been held that special provisions of a statute on a particular subject must prevail over general provisions in the same or other statutes if there is a conflict.State v. Wood, 245 Neb. 63, 511 N.W.2d 90 (1994); MetropolitanLife Ins. Co. v. Kissinger Farms, Inc., 244 Neb. 620,508 N.W.2d 568 (1993).
The provision for payment of costs by a city or village for uncollectible costs resulting from a prosecution under its ordinances, found at § 29-2709, was enacted subsequent to the more general provisions for poverty cases, found at §§ 25-2301et seq. and should be construed as an exception to the general rule that the county pay litigation costs for indigents. This construction would not render the poverty statutes a nullity since they were enacted to insure that an indigent litigants due process rights are not violated by precluding their right to litigate the dispute. That right would in no way be trammeled by this construction. Rather it is merely a question of who will pay these costs rather than the indigent litigant. Here it would be the city or village who sought to enforce their ordinance rather than the county which is not volitionally involved in this scenario. As a result, construing all of the relevant statutes together the most consistent and sensible result is to charge the uncollectible costs from the prosecution of a city or village to that municipality rather than charging those costs to the county pursuant to the provisions for poverty cases.
Sincerely,
 DON STENBERG Attorney General
 Alan E. Pedersen Assistant Attorney General
APPROVED BY:
Don Stenberg 
Attorney General