REQUESTED BY: Anna J. Sullivan, Director Nebraska Public Employees Retirement Systems
This is in response to the question you have asked regarding the service annuity entitlement for retiring school employees under the provisions of the School Employees Retirement Act, Neb. Rev. Stat. §§ 79-901 to 79-977.01 (1996 and Cum. Supp. 1998) (previously codified at §§ 79-1501 to 79-1567) (the "Act"). The specific question you ask is whether "members of a Class V School Retirement System who retire after 35 years of service but prior to age 65" are "entitled to receive an unreduced service annuity?"
It is our opinion that the service annuity benefit for members of the School Employees Retirement System who retire prior to age 65 with 35 years of creditable service is actuarially reduced since the annuity would commence prior to the members' 65th birthday. Similarly, the value of the service annuity to be transferred to the Class V school retirement system by the Public Employees Retirement Board is actuarially reduced if the member retires prior to age 65 with 35 years of service.
 I. SERVICE ANNUITY BENEFIT
By way of background, Class V school district retirement systems are established under the provisions of the Class V School Employees Retirement Act, Neb. Rev. Stat. § 79-978 to79-9,116 (1996 and Cum. Supp. 1998). Employees of the Class V school district are members of the retirement system and the system is administered by the board of education of the school district. Annuity retirement benefits for members are described in §§ 79-999 to 79-9,101.
Upon retirement of a member of a Class V retirement system, the Public Employees Retirement Board transfers the actuarial value of the state service annuity to the Class V retirement system of which the employee is a member. Neb. Rev. Stat. §79-916 (Cum. Supp. 1998) in part states:
 (1) At the time of retirement of any employee who serves a Class V school district operating under a retirement system established pursuant to section 79-979, the retirement board shall, upon receipt of a certification from the school district as to the number of years of service upon which the retirement is based, cause to be transferred to the funds of the retirement system of which such employee is a member the actuarial value of the service annuity to be paid by the state for the years of service thus certified in the same amount and basis as provided for members of the School Retirement System of the State of Nebraska under sections 79-933 and 79-952. Such employee, in order to qualify for prior service credit toward a service annuity, shall have the same qualifications as members of the School Retirement System of the State of Nebraska who became members on or before July 1, 1950, as provided by section 79-926 but shall not come under the provisions of the School Employees Retirement Act while so employed. Such transfer of actuarial value to the retirement system of which such employee is a member shall be in lieu of the payment of the service annuity to which he or she would be entitled on the condition that the monthly Payment received by him or her from such system shall be in the amount not less than the sum of his or her service annuity and the member's annuity which is the actuarial equivalent of his or her own contributions accumulated at interest to retirement. The school district which such employee serves shall furnish to the retirement board all information required by the retirement board regarding service records of its employees. (Emphasis added).
The amount transferred to the Class V Retirement System is actuarially reduced if the retiring member is under age 65. Neb. Rev. Stat. § 79-933 (1996) in particular part states:
 The amount of any individual service annuity for a full-time school employee or an emeritus member shall be three dollars and fifty cents per month for each year of creditable service commencing with his or her retirement on or after May 19, 1981, except that if the service annuity commences prior to the member's sixty-fifth birthday, it shall be on an actuarially reduced basis. . . . (Emphasis added).
The language of §§ 79-916 and 79-933 set forth above providing for transfer of the actuarial value of the service annuity is clear and unambiguous. Of particular note is the language of § 79-916, "the actuarial value . . . in the same amount and basis as provided for members of the School Retirement System of the State of Nebraska. . . ." We believe this language clearly expresses the intention that service annuity amounts transferred are the same annuity amounts that members of the School Employees Retirement System are entitled to.
The cardinal rule in construing the meaning of a statute is to determine the purpose and intent of the Legislature as ascertained from the entire language of the statute considered in its plain, ordinary, and popular sense. Sanitary Imp. Dist. No.1 of Fillmore County, Neb. v. Nebraska Public Power Dist.,253 Neb. 917, 573 N.W.2d 460 (1998); Baker's Supermarkets, Inc. v.State Dept. of Agriculture, 248 Neb. 984, 540 N.W.2d 574 (1995).
The language of § 79-933, considered in its plain and ordinary sense, reflects that the service annuity amounts are to be reduced for employees retiring prior to age 65. To conclude otherwise would have the effect of omitting the words, "actuarially reduced," from the statute. In construing statutes, a court must attempt to give effect to all of its parts, and if it can be avoided, no word, clause, or sentence will be rejected as superfluous or meaningless. It is not within the province of a court to read anything plain, direct, and unambiguous out of a statute. Omaha, world-Herald v. Dernier, 253 Neb. 215,570 N.W.2d 508 (1997); Loup City Pub. Sch. v. Nebraska Dept'. of Rev.,252 Neb. 387, 562 N.W.2d 551 (1997); Ledwith v. Bankers Life Ins.Co., 156 Neb. 107, 54 N.W.2d 409 (1952).
 II. LEGISLATIVE HISTORY
The legislative history of the statutory provisions has also been reviewed to ascertain legislative intent with respect to service annuity benefits provided under the Act. The statutory language providing for actuarially reduced service annuities for members retiring before age 65 was added to § 79-933
(previously codified at § 79-1522) by 1996 Neb. Laws 1076, § 19.
The legislative history of LB 1076 reflects that the statutory change was made to harmonize the sections of the Act providing for actuarial reduction of service annuities for members retiring prior to age 65. The Bill Summary includes explanation for the amendments and states in relevant part that the amending provision "[c]larifies that the service annuity is on an actuarially reduced basis if it commences prior to age 65." Summary § 19, p. 3. Additional background explanation is set forth in the Bill Summary as follows:
 D. State Service Annuity- Currently, members under the school retirement system receive either (1) a service annuity equal to $3.50/month for each year of creditable service (i.e. $42 per year of service) or (2) a formula annuity based upon a formula annuity factor (i.e. 1.73% for retirees after June 5, 1993) times years of creditable service times final average compensation. If the service annuity commences prior to acre 65, it is actuarially reduced. However, no statutory language in section 79-1522 provides for actuarial reduction. NPERS. relies on 79-1522.01 which specifies that the amount transferred from the account for the service annuity to the account for the formula annuity is on an actuarially reduced basis if the benefit is taken after age 60 but prior to age 65. LB 1076 clarifies and specifically provides that the reduction is an actuarial equivalence.
Summary, Part III, p. 9. (Emphasis added).
Thus, the legislative history supports the conclusion that § 79-933 provides for the actuarial reduction of service annuity benefit amounts transferred to Class V retirement systems for members retiring before age 65.
 III. ANCILLARY ISSUES
You have requested that the Attorney General also address issues related to the question regarding service annuity benefits. Our response and the issues are set forth below:
 A. WHAT IS THE EFFECT OF § 79-931, WHICH PROVIDES THAT (1) ANY MEMBER WHO COMPLETES 35 YEARS OF CREDITABLE SERVICE MAY RETIRE AT ANY AGE, (2) ANY MEMBER WHO HAS COMPLETED AT LEAST FIVE YEARS OF CREDITABLE SERVICE AND IS AT LEAST 65 YEARS OF AGE UPON TERMINATION MAY RETIRE, AND (3) ANY MEMBER WHO IS AT LEAST 65 YEARS OF AGE UPON TERMINATION MAY RETIRE. THIS LANGUAGE SUPPORTS THE POSITION THAT BEFORE THE ENACTMENT OF LB 1076, THERE SHOULD NOT HAVE BEEN AN ACTUARIAL REDUCTION FOR ANY MEMBER WHO BECAME ELIGIBLE TO RETIRE ON ANY OF THE THREE DEFINED RETIREMENT DATES.
The effect of Neb. Rev. Stat. § 79-931 (1996) is to set forth the eligibility requirements for retirement rather than establish the amount of the retirement benefit(s). The types and amounts of annuity benefits for eligible members are set forth in other provisions of the Act. For the most part, the annuity benefits are described in § 79-933 which provides for a school retirement allowance consisting of a savings annuity and a service annuity. A formula annuity allowance in lieu of the school retirement allowance is provided for in Neb. Rev. Stat. § 79-934 (Cum. Supp. 1998).
We believe that the effect of LB 1076 was to clarify that the service annuity provided for in § 79-933 is to be actuarially reduced if the member retires prior to attaining age 65. As we understand, LB 1076 confirmed the administrative practice of actuarial reduction of service annuity benefits through amendment of § 79-933. In enacting amendatory legislation, the Legislature is presumed to have known the preexisting state of the law. In re Hilbers Property FreeholdTransfer, 211 Neb. 268, 318 N.W.2d 265 (1982); State v. Suhr,207 Neb. 553, 300 N.W.2d 25 (1980). And, the Legislature is presumed to know the general condition surrounding the subject of the legislative enactment, and it is presumed to know and contemplate the legal effect that accompanies the language it employs to make effective the legislation. Ludwig v. Board ofCounty Com'rs of Sarpy County, 170 Neb. 600, 103 N.W.2d 838
(1960).
 B. THE LEGAL SIGNIFICANCE OF THE USE OF THE WORDS "ACTUARIALLY REDUCED" IN § 79-933, WHEN SPECIFYING THE REQUIRED REDUCTION OF THE STATE SERVICE ANNUITY PAYMENT, AS OPPOSED TO PROVIDING THAT ANY ANNUITY BENEFIT TO BE PAID BEFORE AGE 65 IS THE ACTUARIAL EQUIVALENT OF AN ANNUITY COMMENCING AT AGE 65.
The legal significance of the use of the words, "actuarially reduced" in § 79-933 is that the words, reposed in statute, are to have meaning and be given effect. It would seem anomalous to conclude that an annuity benefit to be paid prior to age 65 would in some fashion be the actuarial equivalent of an annuity commencing at age 65. To so conclude would read the term, "actuarially reduced," out of the statute and further, not give effect to clearly expressed legislative intent. As we have noted above, no word, clause, or sentence reposed in statute will be rejected as superfluous or meaningless if it can be avoided.
 C. WHETHER THERE IS A CLEAR LEGISLATIVE INTENT TO PROVIDE A DIFFERENT REDUCTION FOR EARLY RETIREMENT FOR MEMBERS WHO RECEIVE THEIR RETIREMENT BENEFIT IN THE FORM OF THE RETIREMENT ALLOWANCE DESCRIBED UNDER § 79-933 INSTEAD OF THE ALTERNATE FORMULA ANNUITY RETIREMENT ALLOWANCE PROVIDED UNDER § 79-934. AS CONSTRUED BY NPERS., § 79-933 IMPOSES A SUBSTANTIAL PENALTY UPON ANY MEMBER WHO DOES NOT ELECT THE FORMULA ANNUITY RETIREMENT ALLOWANCE. IN "A LEGISLATORS GUIDE TO THE NEBRASKA PUBLIC RETIREMENT SYSTEMS" (DECEMBER 1996), THE RETIREMENT SYSTEMS COMMITTEE OF THE NEBRASKA LEGISLATURE MADE NO DISTINCTION BETWEEN THESE ALTERNATE ANNUITY BENEFITS WITH RESPECT TO THE REDUCTION FOR EARLY RETIREMENT. COPIES OF PAGE 33 THROUGH 39 OF THE LEGISLATOR'S GUIDE WHICH SUMMARIZES THE SCHOOL RETIREMENT SYSTEM ARE ENCLOSED.
We have reached the conclusion that the legislative intent is clearly expressed in § 79-933 requiring actuarial reduction of service annuity amounts for persons retiring prior to age 65. The fact that the formula annuity provisions do not provide for actuarial reduction of annuity amounts under other options available to retiring members is not indicia that the same funding was intended for service annuity benefits. Rather, the expressed legislative intent is that service annuity benefits are actuarially reduced for members retiring prior to age 65.
Portions of "A Legislator's Guide to Nebraska Retirement Systems" (December 1996) have been reviewed. The Benefit Provisions described in the Guide do not indicate that service and formula annuity benefits are to be similarly computed. The materials include a descriptive narrative that explains different methods for computation for savings annuities, service annuities and for formula annuities.
 D. IF § 79-933, AS AMENDED BY LB 1076 (Laws 1996), REQUIRES A FULL ACTUARIAL REDUCTION OF A STATE SERVICE ANNUITY THAT BEGINS BEFORE AGE 65, THE OPINION SHOULD DETERMINE WHETHER THIS NEW REDUCTION FOR EARLY RETIREMENT CAN BE IMPOSED AGAINST MEMBERS WHO WERE EMPLOYED BEFORE THE DATE OF ENACTMENT OF LB 1076 WITHOUT VIOLATING THE CONTRACT CLAUSE OF THE U.S. CONSTITUTION PURSUANT TO THE HOLDINGS OF Halpin v. Nebraska State Patrolmen's Retirement System, 211 Neb. 892 (1982) AND Calabro v. City of Omaha, 247 Neb. 195 (1995).
This issue, relating to constitutionally-protected contract rights, is highly fact specific and little or few facts are before us to enable a definitive response. As we understand, the actuarial reduction of the service annuity benefit for employees retiring prior to age 65 is not a "new reduction for early retirement" imposed by passage of LB 1076. Contract rights of members would be infringed upon by passage of LB 1076 only if existing benefits were reduced by the statutory amendment.
In Calabro v. City of Omaha, 247 Neb. 955, 531 N.W.2d 541
(1995), the Nebraska Supreme Court considered whether the city's elimination of a supplemental benefit plan violated employees' constitutionally protected contract rights. In proceeding with a contract clause analysis, it must be determined among other things whether there has been a substantial impairment of the contractual relationship. In Halpin v. Nebraska State Patrolmen'sRetirement System, 211 Neb. 892, 320 N.W.2d 910 (1982), the Nebraska Supreme Court recognized that public employees have reasonable expectations which are protected by the law of contracts. Under the limited facts presented, we cannot determine if a constitutional issue is raised, that is, whether members employed prior to enactment of LB 1076 have reasonable expectations for service annuity benefits that are not actuarially reduced for members retiring prior to age 65.
Of course, the right to a public pension depends on statutory provision, therefore, and the terms and conditions of the pension are established under the Act creating the retirement system. See Gossman v. State Employees Retirement System,177 Neb. 326, 129 N.W. 97 (1964). It is of significance that the last expression of legislative intent is the amendment of § 79-933
by LB 1076 to include the language that service annuity benefits commencing before age 65 are to be actuarially reduced. Recently, the Nebraska Supreme Court, in Hoiengs v. County of Adams,254 Neb. 64, 574 N.W.2d 498 (1998), observed that the last expression of legislative will is the law in case of conflicting provisions of the same statute, or in other statutes. In this case, the Court concluded that the more recent legislative enactment did not reduce retirement benefits, and accordingly, there could be no impairment of any vested contract right.
In view of these authorities and the limited facts before us, we cannot conclude whether or not any impairment of a contractual right occurred as a result of passage of LB 1076.
Sincerely,
 DON STENBERG Attorney General
 Fredrick F. Neid Assistant Attorney General
Approved:
Don Stenberg, 
Don Stenberg, Attorney General