STATE OF NEBRASKA, APPELLEE, V. HANG-NAN KAO, ALSO KNOWN AS ALAN, APPELLANT.
531 N.W.2d 555

Filed May 9, 1995.   No. A-94-847.

J. William Gallup, of Gallup & Schaefer, for appellant.

Don Stenberg, Attorney General, and Marilyn B. Hutchinson for appellee.

HANNON, IRWIN, and MUES, Judges.

MUES, Judge.

Hang-Nan Kao appeals his bribery conviction following a jury trial in the district court for Douglas County. Because the State failed to prove that Kao's alleged bribe resulted in actually influencing a public servant's or peace officer's action or inaction in his or her official capacity, we reverse, and remand with directions to dismiss.

## BACKGROUND

Kao, the owner of the China Wok, had various difficulties obtaining a sufficient rating from Douglas County health inspector Jeff Radcliffe to establish that Kao's restaurant was in compliance with the regulations of the state and county. After several meetings and inspections, beginning in June 1993, Radcliffe went to the restaurant at Kao's request and was given an envelope containing several "dollar bills" of an undetermined denomination and was told by Kao that he should "buy [himself] lunch." When Radcliffe realized what the envelope contained, he refused it. Radcliffe subsequently reported Kao's action to his supervisor.

Law enforcement subsequently became involved in the situation, and an undercover agent, Anthony Bonds, posing as a health inspector, was sent to the restaurant in order to see if

Kao would attempt to bribe him. Bonds made several visits to the China Wok. On his third visit, March 10, 1994, Bonds mentioned that he needed money for repairs on his truck. Kao gave him $200 and told him not to tell anyone. The following day, March 11, the agent returned with a letter from the Douglas County Health Department that he had received from his superior, which letter stated that the inspection of Kao's restaurant had been postponed from March 11 to March 18. Bonds testified that in a conversation he had with Kao which was recorded after he returned to the restaurant with the letter postponing the inspection, he asked Kao if he had done a good job, and Kao responded affirmatively. Bonds further testified that later in the conversation he sought confirmation that the $200 Kao gave him was to get Bonds to help him postpone the inspection, and Kao confirmed that it was.

Kao was charged with bribery in violation of Neb. Rev. Stat. § 28-917(1)(a) (Reissue 1989), a Class IV felony, for allegedly bribing the undercover agent posing as a health inspector on March 10. After a jury trial, Kao was found guilty and was subsequently sentenced to 2 years' probation, the first 6 months of which were to be served in the Douglas County Correctional Center. Kao appeals.

## ASSIGNMENTS OF ERROR

Kao alleges the district court erred in (1) failing to instruct the jury on all material elements of the crime, (2) finding the evidence sufficient to prove his guilt, (3) failing to sustain his motion to dismiss at the close of the State's case, and (4) imposing an excessive sentence. Because we conclude that the evidence was insufficient to support Kao's conviction, we do not address the other errors assigned.

## STANDARD OF REVIEW

Only where evidence lacks sufficient probative force as a matter of law may an appellate court set aside a guilty verdict as unsupported by evidence beyond a reasonable doubt. *State v. Fahlk*, 246 Neb. 834, 524 N.W.2d 39 (1994); *State v. Dyer*, 245 Neb. 385, 513 N.W.2d 316 (1994).

In reviewing a criminal conviction, it is not the province of an appellate court to resolve conflicts in the evidence, pass

on the credibility of witnesses, determine the plausibility of explanations, or weigh the evidence. Such matters are for the trier of fact, and the verdict of the jury must be sustained if, taking the view most favorable to the State, there is sufficient evidence to support it. *State v. Parks*, 245 Neb. 205, 511 N.W.2d 774 (1994); *State v. Trackwell*, 244 Neb. 925, 509 N.W.2d 638 (1994).

## ANALYSIS

Kao contends that the evidence was insufficient to sustain his conviction for bribery. In order for an individual to be convicted of a crime, the State must prove beyond a reasonable doubt each and every element of the crime charged. *State v. McDowell*, 246 Neb. 692, 522 N.W.2d 738 (1994). Section 28-917 provides:

(1) A person commits bribery if:

(a) He offers, confers, or agrees to confer any benefit upon a public servant or peace officer with the intent to influence that public servant or peace officer to violate his public duty, or oath of office, thereby influencing the public servant's or peace officer's vote, opinion, judgment, exercise of discretion, or other action or inaction in his official capacity . . . .

. . . .

(2) It is no defense to prosecution under this section that the person sought to be influenced was not qualified to act in the desired way, whether because he had not yet assumed office, lacked jurisdiction, or for any other reason.

Therefore, in order to convict Kao of bribery, the State was required to prove beyond a reasonable doubt that Kao (1) offered, conferred, or agreed to confer any benefit (2) upon a public servant or peace officer (3) with the intent to influence that public servant or peace officer to violate his or her public duty or oath of office, (4) thereby influencing the public servant's or peace officer's vote, opinion, judgment, exercise of discretion, or other action or inaction in his or her official capacity.

The focus of our analysis is the fourth element, i.e., whether

there was sufficient evidence to prove that Bonds, or any other public servant or peace officer, was "influenc[ed] . . . in his [or her] official capacity."

Recently, in *State v. Null*, 247 Neb. 192, 526 N.W.2d 220 (1995), the Nebraska Supreme Court recognized that to prove a prima facie case of felony bribery, an essential element of the crime is that the public servant or peace officer was *actually* influenced by the conduct of the defendant. In *Null*, the defendant was charged with bribing the mayor and conspiring to bribe the mayor. However, the mayor was not actually influenced by any offer before him. The trial judge reduced the charge of felony bribery to the lesser-included offense of attempted bribery before submitting the case to the jury after determining "as a matter of law that the crime of bribery had not been committed because the evidence failed to establish that [the mayor] had actually been influenced by Null." *Id*. at 194, 526 N.W.2d at 224. In response to Null's argument on appeal that he was improperly charged under the felony bribery statute, § 28-917, because the misdemeanor bribery statute, Neb. Rev. Stat. § 49-14,101 (Reissue 1993), had repealed it by implication, the Supreme Court determined that both bribery statutes were in effect and that he had been properly charged under the felony statute. The court stated: "[T]here are important differences between the statutes. For example, § 28-917 requires that a public servant or peace officer be actually influenced by a defendant's attempt, whereas § 49-14,101 does not." 247 Neb. at 199, 526 N.W.2d at 227. Further, in approving the trial court's reduction of the felony bribery charge to attempted bribery, the Supreme Court stated: "The trial court did so because the State failed to establish one of the requisite elements of felony bribery, which is a showing that the public servant was actually influenced by the bribe. See § 28-917." 247 Neb. at 204, 526 N.W.2d at 229. Finally, in concluding that the successful completion of the bribe was not required to sustain a conviction of conspiracy to commit bribery, the Supreme Court stated: "The fact that [the mayor] was not actually influenced by Null's actions precluded Null's conviction for felony bribery, but not necessarily Null's conviction for conspiracy to commit felony bribery." 247 Neb.

at 204-05, 526 N.W.2d at 230.

We read *Null* as a clear expression that the crime of felony bribery is not committed unless the acts of the defendant *actually* influence a public servant's or peace officer's vote, opinion, judgment, exercise of discretion, or other action or inaction in his or her official capacity. The Supreme Court in *Null* emphasized that a conviction under § 28-917(1)(a) requires proof of more than a benefit being conferred with the intent to influence a public servant or peace officer. The public servant or peace officer must be *actually influenced*.

A reading of § 28-917(1)(a) shows that the benefit must be conferred (or agreed to be conferred or offered) with the requisite intent, "thereby influencing the public servant's . . . action or inaction." The term "thereby" ordinarily means "by means of that" or "in that connection." Webster's Encyclopedic Unabridged Dictionary of the English Language 1472 (1989). Webster's at 730 defines the verb "influence" as "to exercise influence on; affect; sway" or "to move or impel (a person) to some action" and includes the synonyms "impress, bias, direct, control" and "incite, rouse, arouse, instigate, induce, persuade." Finally, the "action or inaction" of the public servant must be "in his [or her] official capacity."

Therefore, by applying the teaching of *Null* and considering the plain and ordinary meaning of the language of § 28-917(1)(a), see *State ex rel. Perkins Cty. v. County Superintendent*, 247 Neb. 573, 528 N.W.2d 340 (1995), it must be proven that the benefit is conferred with the intent to influence a violation of public duty or oath of office and that by those means, someone is actually swayed or induced to act or not act in his or her official capacity.

The issue before us then is whether the evidence presented is sufficient to prove that the actions taken by Bonds, his superiors, and the department of health in response to Kao's paying Bonds the $200 is sufficient evidence that Kao's alleged bribe actually influenced one or more of them in their official capacities.

The State contends the evidence shows that Kao gave Bonds, "whom he believed to be a health inspector, $200 to get the inspection of his restuarant [sic] by the department put off."

Brief for appellee at 23. The State argues that this shows that Kao conferred a benefit upon a public servant with the intent to influence that public servant, thereby establishing the first three elements of the crime. We agree. With regard to the fourth element, i.e., that the public servant was "thereby influenc[ed] . . . in his [or her] official capacity," the State contends that Bonds accepted the $200 and obtained a letter from the department of health which notified Kao that the inspection had been postponed and then confirmed that the postponement was the inaction Kao sought for the $200. The State asserts that this shows that a public servant was influenced by Kao's alleged bribe. We disagree.

Viewing the evidence most favorably to the State, we find that when Bonds received the $200, he was an undercover agent pretending to be a health inspector. That he only *pretended* to be a health inspector, and therefore obviously had no official authority to obtain a postponement, is no defense, as specifically provided under § 28-917(2). In that capacity, he took the money to his superiors, who contacted the department of health. In turn, the department of health generated a letter postponing the inspection of Kao's restaurant. The letter was not issued as a result of the alleged bribe actually swaying or influencing the department of health, but, rather, as part of the undercover scheme. It was not an action taken by the department of health in any "official capacity," but only another step in the ruse being played upon Kao. Bonds returned to Kao with the letter and obtained a positive response to questioning of Kao as to whether the postponement is what Kao had wanted. The evidence of Kao's response, elicited with the aid of the department of health letter, certainly provided evidence on the necessary element of Kao's intent to commit this crime. However, that is not the question before us.

The State's argument is that since Bonds took the money to his superiors and his superiors obtained a letter from the department of health postponing the inspection, this is sufficient to show that the money paid to Bonds by Kao influenced Bonds in his official capacity. While it is true that the payment of the $200 caused Bonds to take some action, there is absolutely no evidence that Bonds was moved or impelled to

obtain the letter from the department of health by virtue of the $200 paid by Kao. Rather, the evidence is that he did so in connection with his duties as an undercover agent and in that capacity. All action taken thereafter is part and parcel of the facade created for purposes of the undercover operation.

At most, the evidence shows that Bonds, along with the department of health, *pretended* to be influenced by the alleged bribe. Pretending to be influenced does not provide the requisite proof to satisfy the element that the alleged bribe must *actually* influence the official action under § 28-917(1)(a). See *Null, supra*.

While we have found no Nebraska Supreme Court decisions precisely addressing the issue in this factual context, we are confident that the rationale of *Null* and a clear reading of § 28-917(1)(a) will not permit a conviction to stand for felony bribery when the only evidence presented of the alleged bribe influencing someone in his or her official capacity is that an undercover agent, posing as an official, passes on money paid to him in his incognito status to his superiors, all in the perpetuation of an undercover operation. In these circumstances, it is untenable to suggest that official action has been actually influenced by the alleged bribe as intended and required by § 28-917(1)(a).

The evidence was insufficient to sustain Kao's conviction for felony bribery. Felony bribery is not committed unless the public servant or peace officer is actually influenced in his or her official capacity. We need not reach Kao's other assignments of error. We reverse the judgment and remand the matter with directions to the district court to dismiss the charge against Kao.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.